GEORGE C. EHDE, Claimant, *v.* THE STATE OF NEW YORK, Defendant.
(Claim No. 24925.)

Court of Claims, April 3, 1940.

*Charles A. Drefs, Jr.,* for the claimant.

*John J. Bennett, Jr., Attorney-General [John M. Dooley, Assistant Attorney-General,* of counsel], for the defendant.

*Francis J. Seymour,* for the county treasurer of Erie county.

RYAN, J. Claimant's suit against the State of New York to recover damages for personal injuries resulted in a judgment dismissing the claim. From this judgment claimant has appealed. He has obtained permission of the Appellate Division of the Supreme Court, Fourth Department, to prosecute his appeal as a poor person.

Claimant now moves this court for an order and the issuance of a certificate to the official stenographer to furnish to claimant's attorney a copy of the official stenographer's minutes of trial, the fee to be paid by the county treasurer of the county of Erie, or, in the alternative, directing the clerk of the Court of Claims, under such circumstances as may be just, to loan to the said claimant's attorney a copy of the official stenographer's minutes so that the same may be copied at the office of claimant's attorney in order to complete the record necessary for the appeal herein.

To support claimant's first request, claimant invokes the provisions of section 1493 of the Civil Practice Act. This section

relates to costs or fees where a party prosecutes or defends as a poor person. It would seem that if this suit were between two individuals claimant might be entitled to the relief he seeks upon application to a court of competent jurisdiction.

Subdivision 9 of section 9 of the Court of Claims Act says: " Except as otherwise provided by this act or by rules of this court or the Civil Practice Act, the practice shall be the same as in the Supreme Court." However, this court has no jurisdiction of the county treasurer of Erie county and no authority to compel the county treasurer of Erie county to disburse county funds. Hence, claimant's application in that respect must be denied.

Subdivision 3 of section 5 of the Court of Claims Act reads as follows: " No charge shall be made against the State by the clerk or the stenographers, for copies of minutes, testimony or papers, furnished to the Attorney-General or to the court, or filed in the office of the clerk. The claimant shall pay to the stenographer ten cents a folio for copies of the minutes and testimony furnished at his request."

That this statute indicates a legislative intent in respect to fees of official stenographers is confirmed by section 1493 of the Civil Practice Act, invoked by claimant as hereinabove set forth.

There is no provision in the Court of Claims Act for furnishing a copy of the minutes to the claimant as a poor person and no provision in any event for a direction that the official stenographer furnish the minutes to the claimant without being paid his statutory fees.

The official transcript of the stenographer's minutes of the trial of this case is filed in the office of the clerk of the Court of Claims at Albany and is a public record. We have been referred to no statute authorizing us to direct that this public record be loaned to an individual even though he be the attorney of record for the claimant in the case. We find no such authority. In the absence of it we find no authority for the exercise of discretion in the matter. We believe we are without power to grant claimant's request. The motion is, therefore, denied.

Incidentally, it was admitted upon the argument that claimant had asked the Appellate Division for similar relief in respect to the stenographer's minutes of trial, in his petition for leave to sue as a poor person, and that the order of the Appellate Division was silent in this regard. We take this silence as a denial of claimant's application.

Submit order in accordance with the foregoing determination.